## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY L. BUTLER, JR.** | : | **Case No. 1:17-cv-604** |
| | : | |
| **Plaintiff,** | : | **Judge Michael R. Barrett** |
| | : | |
| **-vs-** | : | |
| | : | **PLAINTIFF'S REPLY MEMORANDUM** |
| **CITY OF CINCINNATI, OHIO, et al.** | : | **IN SUPPORT OF HIS MOTION FOR** |
| | : | **LEAVE TO AMEND HIS SECOND** |
| **Defendants.** | : | **AMENDED COMPLAINT *INSTANTER*** |
| | : | |

The standard for determining whether a motion for leave to amend should be granted is clear. Leave to amend "shall freely be given when justice so requires." Federal Rule 15(a). *See also, Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1189 (6th Cir. 1996), quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). This Court has cited that standard repeatedly in granting such motions. *See, e.g., International Brotherhood of Electrical Workers Local 212 v. American Laundry Machinery, Inc*., No. 1:07-cv-324, 2009 WL 1067955, at *1 (S.D. Ohio Feb. 11, 2009) (Spiegel, J.); *Joseph v. Joseph*, No. 1:16-cv-465, 2017 WL 5953119, at *2 (S.D. Ohio Jan. 10, 2017) (Black, J.); *Bachochin v. Shire, PLC*, No. 1:06-cv-486, 2008 WL 339810, at *3 (S.D. Ohio Feb 6, 2008) (Dlott, J.).

It is equally clear that the decision as to whether to allow an amended complaint falls squarely within the discretion of the Court. *Bochochin*, s*upra*, citing *Martin v. Associated Truck Lines, Inc*., 801 F.2d 246, 248 (6th Cir. 1986). In making that decision, the courts consider a number of factors, including undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Bochochin, supra*, citing *Hageman v. Signal L.P. Gas, Inc*., 486 F.2d 479, 484 (6th Cir. 1973).

Here, the only factor which Defendants rely upon (without citation) is the alleged futility of amendment.  (Df. MIO, Doc. #38 at PAGEID# 406).  A Court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss.  *Joseph, supra*, citing *Riverview Health Inst. LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 513 (6th Cir. 2010).  That is the argument Defendants make here.  Defendants argue that "[b]ecause the allegedly missing documents have no relevance as to whether [plaintiff] was engaged in protected conduct, they cannot form the basis for a proper spoliation claim."  (Df. MIO, Doc. #38, at PAGEID# 406.)[1]

Defendants have no idea what documents are in the missing box/boxes related to the overtime audit supervised by Plaintiff, the results of which led to one example of the series of retaliatory actions that Defendants took toward Plaintiff.  (Pltf. Second Amended Compl., Doc. # 23, at ¶ 109 – 111, 145-147.)  Therefore, Defendants cannot truthfully make the statement they make in their MIO that these missing documents "have no relevance as to whether [Plaintiff] was engaged in protected conduct … ."  (Df. MIO, Doc. #38, at PAGEID# 406.)  On the other hand, since the documents in the missing box/boxes were gathered by Plaintiff and the team he supervised, and include his handwritten notes, Plaintiff is in a unique position to truthfully allege, as he does in his proposed Third Amended Complaint, that the missing/destroyed documents are "key evidence in this case."  (Pltf. Third Amended Compl., Doc. #37, Ex. A at ¶ 183.)

---

[1] To be clear, there is no question that the overtime audit records at issue are either missing or destroyed.  They are not "allegedly" missing.  See, e.g., https://www.cincinnati.com/story/news/2018/11/13/cincinnati-city-hall-political-storm-triggered-now-missing-police-overtime-audit/1943141002/, and https://www.cincinnati.com/story/opinion/2018/11/16/editorial-put-out-apb-missing-police-overtime-audit/1934838002/.  If these documents were not truly missing or destroyed, surely Defendants would have produced them to the Ohio Auditor and the Hamilton County Grand Jury that are investigating the abuse of overtime in Defendant CPD.

Therefore, because spoliation is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably forseeable litigation,"[2] there is little doubt that Plaintiff's Third Amended Complaint would survive a motion to dismiss.  Accordingly, Plaintiff's proposed amendment is **not** futile and, under the liberal policy of Rule 15(a)(2), Plaintiff's Motion for Leave to Amend should be granted.  As this Court noted in an analogous situation in *Joseph, supra*, that Rule favors amendment so that cases can "be tried on their merit."  *Joseph, supra*, at *5, citing *Moore v. Paducah*, 790 F.2d 557, 559 (6th. Cir. 1986).

For all of the foregoing reasons and authorities cited, Plaintiff respectfully requests that this Court grant his Motion for Leave to Amend.

Respectfully submitted,

/s/ Brian P. Gillan
Randolph H. Freking (0009158)
Brian P. Gillan (0030013)
Trial Attorneys for Plaintiff
FREKING MYERS & REUL LLC
600 Vine Street, Ninth Floor
Cincinnati, OH  45202
Phone:  (513) 721-1975/Fax:  (513) 651-2570
*randy@fmr.law*
*bgillan@fmr.law*

---

[2] *Zubulake v. USB Waburg LLC*, 220 FRD 212, 216 (S.D. N.Y. 2003).

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail, e-mail and/or facsimile to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's System.

/s/ Brian P. Gillan