**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Jeffrey L. Butler, Jr.,

    Plaintiff,

v.

City of Cincinnati Ohio, et al.,

    Defendants.

Case No. 1:17-cv-00604

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court on Plaintiff's Application for Attorney's Fees and Costs. (Doc. 57). The City of Cincinnati, the former City Manager, Harry Black, the Mayor of the City of Cincinnati, John Cranley, and the Chief of Police of the City of Cincinnati, Eliot Isaac (collectively, "Defendants"), filed a Response in Opposition. (Doc. 59). Plaintiff filed a Reply. (Doc. 61).

### **I. BACKGROUND**

Plaintiff filed his Initial Complaint in this matter in September 2017, and it included five claims against Defendants, regarding allegations surrounding the denial of his request to be reclassified from the rank of captain to the rank of assistant chief of police: abuse of power; tortious interference with business relations; a 42 U.S.C. § 1983 claim of First Amendment retaliation; and two 42 U.S.C. § 1983 claims for violations of the Fourteenth Amendment. (Doc. 1). Plaintiff subsequently filed a timely First Amended Complaint that included two additional claims: defamation and civil conspiracy. (Doc. 5). Thereafter, in April 2018, Plaintiff filed a Motion for Leave to File a Second Amended Complaint, and the Court granted that Motion during a May 2018 telephone conference.

Plaintiff's Second Amended Complaint included four additional claims: a second 42 U.S.C. § 1983 claim of First Amendment retaliation; a second defamation claim; a statutory whistleblower claim; and a common law whistleblower claim. (Doc. 23).

In November 2018, Plaintiff filed a Motion for Leave to File a Third Amended Complaint, and the Court later granted that Motion. (Doc. 32). Plaintiff's Third Amended Complaint included a spoliation of evidence claim. (Doc. 41). Plaintiff's 12-count Third Amended Complaint included: an abuse of power claim; two First Amendment claims; two Fourteenth Amendment claims; a tortious interference with a business relationship claim; two defamation claims; a civil conspiracy claim; a statutory whistleblower claim; a common law whistleblower claim; and a spoliation of evidence claim. (*Id.*) Defendants subsequently filed a Motion to Dismiss the Third Amended Complaint. (Doc. 43).

In a July 2020 Opinion and Order, the Court granted in part and denied in part Defendants' Motion to Dismiss the Third Amended Complaint. (Doc. 52). Thereafter, on September 2, 2020, the Court held a Settlement Conference. Although the parties did not settle the matter at that conference, on September 21, 2020, and pursuant to Federal Rule of Civil Procedure 68, Plaintiff filed a Notice of his Acceptance of Defendants' Rule 68 Offer of Judgment. (Doc. 55). Defendant's Rule 68 Offer included "$70,000 as compensation for damages specified in the remaining claims of the Third Amended Complaint" and " reasonable attorney fees and costs incurred as of the date of this offer, September 4, 2020, to be established by the Court." (Doc. 55-1). The Clerk entered Judgment in this matter on September 21, 2020. (Doc. 57).

Plaintiff's counsel submitted a timely Application for Attorney's Fees and Costs. (Doc. 57); *see* S.D. Ohio Civ. R. 54.2(a). Plaintiff seeks an award of $199,811.50 in fees and $400.00 in costs. (Doc. 57); *see* (Doc. 57-1). In response, Defendants argue that the total sum of fees and costs requested is unreasonable for the following reasons: Plaintiff's own papers demonstrate vastly different fee estimates; the law firm did not adequately allocate the workload; much of the work was duplicative; counsel spent too much time on internal matters; counsel included inappropriate time on an unrelated case in Ohio state court; Plaintiff had limited success; and the time recorded after September 4, 2020 should not be included per the language of Rule 68 Offer of Judgment. (Doc. 59); *see* (Doc. 60 Beth A. Bryan, Esq., Decl.). Instead, Defendants contend that the reasonable amount of Attorney's Fees and Costs in this matter is a total of $113,000.00. (Doc. 59); *see* (Doc. 60 Bryan Decl.).

## II. ANALYSIS

The method used to determine an appropriate attorney's fee award is well-settled. A reasonable attorney's fee award is calculated by the lodestar method: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The party seeking attorney's fees bears the burden of proof on the number of hours expended and the rates claimed." *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999) (citing *Hensley*, 461 U.S. at 433).

### a. Hourly Rates

In determining a reasonable hourly rate, "courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v.*

*Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)); *accord Gibney v. Toledo Bd. of Edn.*, 73 Ohio App. 3d 99, 108, 596 N.E.2d 591, 596 (1991) ("the reasonableness of the fee charged is determined by comparison to prevailing market rates in the relevant community") (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Defendant does not challenge the listed hourly rates for the Freking Myers & Reul attorneys and paralegals, *i.e.*, Plaintiff's counsel, who worked on this matter. (Doc. 57-1 PageID 614) (listed rates); (Doc. 59) (Defendant's Response in Opposition); (Doc. 60 Bryan Decl. Exh. A PageID 932). The U.S. District Court for Southern District of Ohio has previously found similar hourly rates for Freking Myers & Reul attorneys and paralegals to be reasonable. *See, e.g.*, *Anthony Williams, et al. v. Duke Energy International, Inc.*, Case No. 1:08-cv-0046 (Doc. 268) (S.D. Ohio April 25, 2016). This Court has also found Plaintiff's counsels' firm's hourly rates to be reasonable. Further, this Court is well-versed and familiar with the hourly rates for employment litigation lawyers and paralegals in the Southern District of Ohio. In light of the foregoing, the Court finds that the hourly rates provided are reasonable for this community. (Doc. 57-1 PageID 614); *see Geier*, 372 F.3d at 791; *Gibney*, 596 N.E.2d at 596.

   b. **Number of Hours**

As to the number of hours expended, hours that are excessive, redundant, or otherwise unnecessary are not reasonably expended and must be excluded from the lodestar. *Hensley*, 461 U.S. at 434. The Court will address Defendants' specific arguments, as listed above, regarding the reasonableness of the number of hours expended on this matter.

4

First, Defendants contend that Plaintiff's prior statements establish that the requested fees are unreasonable. (Doc. 59 PageID 909-11). Specifically, Defendants argue that Plaintiff's previous estimates of fees and costs through the date of trial, as found in his Initial Disclosures and Amended Initial Disclosures, require reduction of Plaintiff's current fee request, because the matter was resolved pre-trial. (*Id.*) As Defendants acknowledge, though, Plaintiff's previously listed fee assumptions are estimates and not binding on the parties or the Court. Similarly, to the extent that Defendants reference an undated demand letter, that letter is part of a settlement demand and not binding on the Court. The Court is not persuaded by Defendants' first argument.

Second, Defendants assert that Plaintiff's counsel did not properly allocate the work among the firm's senior and junior attorneys. (Doc. 59 PageID 911-12). This argument is highly subjective, and typically it is the managing attorney's province to assign work. In this case, Mr. Freking placed the working oar in the hands of Mr. Gillan, at a lower hourly rate than Mr. Freking's. The Court is likewise not convinced by this argument.

Third, Defendants argue that much of the work was duplicative. (*Id.* PageID 913). The time records indicate, from Plaintiff's perspective, that this was a fact intensive case with a moving landscape based upon their client's employment position with Defendants. While there are certainly repetitions in the updated pleadings and progression of Amended Complaints, as Defendants outline in their Response in Opposition, this is to be expected. Based on the facts of and allegations in this case, the Court cannot say that the work was duplicative.

Fourth, Defendant contends that Plaintiff's counsel spent an unreasonable amount of time on internal matters. (*Id.* PageID 913-14). This is not precise and also highly subjective. The Court, however, will consider this issue in regard to a final award.

Fifth, Defendants assert that time spent on Plaintiff's case in the separate Ohio state court matter should not be included. (*Id.* PageID 914). The Court agrees, and $10,974.00—the majority of the entries from August 12, 2019 to October 1, 2019 for work performed on that separate matter—will be excluded. *See* (Doc. 57-1 PageID 629-31); (Doc. 60 Bryan Decl. Exh. A Exh. 6 PageID 943).

Sixth, Defendants assert that Plaintiff had limited success in this matter and argue that the fees are not reasonable in light of this alleged limited success. (Doc. 59 PageID 915-17). To be a "prevailing party," a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433. "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties . . . in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 112 (1992).

After the Court's Order July 2020 Opinion and Order, granting in part and denying in part Defendants' Motion to Dismiss the Third Amended Complaint, the following claims remained against Defendants: two First Amendment claims; a Fourteenth Amendment claim; a defamation claim; a civil conspiracy claim; and a spoliation of evidence claim. *Compare* (Doc. 43), *with* (Doc. 52). Additionally, the Court declined to hold that the individual Defendants were entitled to qualified immunity at that juncture. (Doc. 52). Although Defendants correctly recount that the Court dismissed several of Plaintiff's claims, the Court emphasizes that the remaining claims exposed Defendants to

significant liability at trial which could materially alter the legal relationship between the parties, which is, presumably, what lead to the settlement. *Cf. Farrar*, 506 U.S. at 112. The Court is not persuaded by this argument.

Seventh, and finally, Defendants argue that any time after September 4, 2020 is unreasonably included in light of the language of Rule 68 Offer of Judgment. (Doc. 59 PageID 918). The Court agrees. Defendant's Rule 68 Offer included "$70,000 as compensation for damages specified in the remaining claims of the Third Amended Complaint . . . in addition to Plaintiff's reasonable attorney fees and costs incurred as of the date of this offer, September 4, 2020, to be established by the Court." (Doc. 55-1). Accordingly, the $8,144.50 requested for after September 4, 2020 will be excluded. *See* (Doc. 57-1 PageID 640-42); (Doc. 60 Bryan Decl. Exh. A Exh. 5 PageID 941-42).

## III. CONCLUSION

Based upon the foregoing, Plaintiff's Application for Attorney's Fees and Costs. (Doc. 57) is **GRANTED in part and DENIED in part**, and Plaintiff's counsel is awarded $178,193.00 in attorney's fees and $400.00 in costs.

**IT IS SO ORDERED.**

/s Michael R. Barrett
Michael R. Barrett, Judge
United States District Court